UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARITO MELVIN,
     Plaintiff,

vs.                                 Case No.: 5:20cv00051/MW/ZCB

WALMART INC.,
     Defendant.
_____/

## **ORDER**

This matter is before the Court on "Defendant's Motion for Sanctions (Dismissal), or, in the Alternative, To Compel Plaintiff's Deposition and Toll Discovery and Dispositive Motion Deadlines." (Doc. 116). Defendant seeks the sanction of dismissal because Plaintiff, a *pro se* litigant, failed to appear at her properly noticed deposition despite being ordered to do so. Although the Court is troubled by Plaintiff's failure to follow its orders and the Federal Rules of Civil Procedure, the Court does not believe that dismissal is warranted at this time. Instead, the Court will provide Plaintiff with one last opportunity to appear for her deposition.

1

## I.      Background

Plaintiff filed this *pro se* employment discrimination action on February 10, 2020.  (Doc. 1).  Defendant initially noticed Plaintiff's deposition for June 20, 2022.  (Doc. 108 at 2).  At Plaintiff's request, the deposition was rescheduled for June 30, 2022—the last day of the discovery period.  (*Id.*).  Plaintiff did not show up on June 30, 2022.  (Doc. 102).  Defendant then moved to compel Plaintiff's deposition.  (*Id.*).  The Court granted Defendant's motion and ordered Plaintiff to be deposed at a date, time, and location to be set by Defendant's counsel.  (Doc. 108 at 5-6).  The Court's order informed Plaintiff that she "does not have the ability to refuse to attend a properly noticed deposition."  (*Id*. at 5 n.3).

Consistent with the Court's order, Defendant's counsel noticed Plaintiff's deposition for August 17, 2022 at 2:00 p.m. via Zoom videoconference.  (Doc. 116 at 3).  Defense counsel later sent a follow-up email confirming Plaintiff's receipt of the notice of deposition.  (Doc. 116-3).  Approximately four days later, Plaintiff requested that Defendant provide an interpreter for the deposition.[1]   (*Id.*).

---

[1] Interestingly, it appears from the docket that Plaintiff participated in a settlement conference before Chief U.S. Magistrate Judge Michael Frank without an interpreter.  She also did not request an interpreter when her deposition was initially scheduled in June of 2022.  And she has submitted a voluminous number of filings in the English language.

Defendant's counsel responded by locating and paying for an interpreter to assist Plaintiff at her deposition on August 17, 2022. (Doc. 116-5).

But just two hours before the scheduled deposition, Plaintiff informed Defendant's counsel that she was not going to attend. (Doc. 116 at 3-4). Plaintiff claimed she was experiencing internet connectivity issues. (*Id.*). Defendant's counsel responded by securing a "private, co-working space that offered reliable internet connection" and was near Plaintiff's residence. (*Id.*). Defendant's counsel telephoned Plaintiff at 1:22 p.m. (over 30 minutes before the deposition was supposed to start) to provide Plaintiff with the co-working space's address. (*Id.*). Plaintiff refused to appear at the co-working space for the deposition because— despite being due to appear for a deposition—"she was already at work." (*Id.*).

Defendant's counsel "immediately called the Walmart store where Plaintiff [wa]s employed and asked the manager on duty to prepare a private office for Plaintiff and furnish her with an iPad for Plaintiff to use for her Zoom deposition." (*Id.*). At 2:01 pm, the Walmart manager confirmed Plaintiff was in a private office with internet connectivity, an iPad, and the ability to enter the Zoom room for the deposition. (*Id.* at 5). Nonetheless, Plaintiff refused to enter the Zoom room for the deposition. (*Id.*).

3

Defendant subsequently filed the current motion for sanctions. (Doc. 116). Because Plaintiff failed to appear despite a Court order compelling her attendance, Defendant argues that dismissal is the appropriate sanction. (*Id*. at 5-6). In response, Plaintiff claims she was entitled to be deposed by telephone due to her "damaged" and "dilapidated" phone. (Doc. 118 at 1-2). Plaintiff also asserts that she was "falsely imprisoned"[2] when the manager of the Walmart store where she worked "inflicted continuing and severe emotional distress" by "forcibly confin[ing] her in a very small place resembling a cell to await interrogation." (*Id*. at 4). Plaintiff further contends that she was not allowed to speak to the interpreter who "was reportedly in attendance," and who may not have been "proficient in [Plaintiff's] specific local dialect." (*Id*. at 6).[3]

---

[2] In a motion titled "Motion for Sanctions for False Imprisonment and Judicial Misconduct" (Doc. 118), it appears Plaintiff may be attempting to add a claim of false imprisonment in this case. If that is what Plaintiff is requesting in her motion (Doc. 118), then she must file a motion for leave to amend that complies with Federal Rule of Civil Procedure 15 and Local Rule 15.1. *Siskos v. Sect'y, Dep't of Corrections*, No. 4:17cv186-rh-grj, 2018 WL 2452204, at *4 (N.D. Fla. May 18, 2018). Because her current motion fails to comply with those rules, it will be denied.

[3] Plaintiff also argues the Court's law clerk had an improper *ex parte* communication with Defendant's counsel. (Doc. 118 at 8). The allegation is meritless. Contrary to Plaintiff's allegation, the Court's law clerk did not have a telephone conversation with Defendant's counsel. What occurred was an email exchange where Defendant's counsel asked the law clerk how to bring an issue to the Court's attention. The law clerk responded by simply advising Defendant's counsel that if

4

## II.    Discussion

The Federal Rules of Civil Procedure provide that a court may sanction a party who "fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d)(1)(A).  Those sanctions may include "the reasonable expenses, including attorney's fees caused by the failure" to attend the deposition.  Fed. R. Civ. P. 37(d)(3).  The Rules further provide that "[i]f a party . . . fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including an order "dismissing the action or proceeding."  Fed. R. Civ. P. 37(b)(2)(A)(v).  Moreover, the Court may dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).

"This Court has substantial discretion in deciding whether and how to impose sanctions" for discovery violations.  *Saltwater Sol Hospitality, LLC v. Westchester Surplus Lines*, No. 4:19cv513, 2020 WL 7634226, at *2 (N.D. Fla. May 7, 2020).

---

she wanted to raise an issue with the Court, then she should file a motion.  An *ex parte* communication is one where the court communicates with one party without notice to the other.  *See* Black's Law Dictionary 616 (8th ed. 2004).  Plaintiff was cc'd on both the email from Defendant's counsel and the response from the law clerk.  They were not, therefore, *ex parte* communications.  Additionally, the email was administrative in nature.  *See Liberty Mut. Ins. Co. v. Comm. Concrete Sys., LLC*, No. 4:16cv658, 2017 WL 1234140, at *5-6 (N.D. Fla. Apr. 1, 2017) (explaining that communications of an administrative nature between court staff members and attorneys are "not unusual" or forbidden).

5

As an exercise of its discretion, a district court may dismiss an action when "a party demonstrates a flagrant disregard for the court and the discovery process." *Clark v. Keen*, 346 F. App'x 441, 442 (11th Cir. 2009) (internal quotations omitted).  But dismissal is "an extreme sanction" that should not be lightly imposed. *Kelly v. Old Dominion Freight Line*, 376 F. App'x 909, 915 (11th Cir. 2010); *see also Clark*, 346 F. App'x at 442 (stating that "dismissal with prejudice is the most severe Rule 37 sanction and is not favored").

This case presents a close question.  The Court certainly believes Plaintiff's failure to attend the deposition was inexcusable.  She knowingly violated an order of this Court.  On the other hand, Plaintiff is a *pro se* litigant who is attempting to navigate federal court on her own.  And dismissal is a draconian sanction that a district court should only order as a last resort.[4]  The Court would also note that it appears as though the only published Eleventh Circuit decision on this issue involved a plaintiff who failed to appear for a deposition after being twice ordered to do so by the district court.  *See Phipps v. Blakeney*, 8 F.3d 788, 789-90 (11th Cir. 1993). Although the Court is loath to provide a litigant with a pass for failing to follow its

---

[4] Although attorney's fees and costs can be imposed for a party's failure to attend a deposition, such a sanction has not been requested by Defendant.  Thus, even if the Court were inclined to award fees and costs, there is no information in Defendant's motion regarding the fees and costs incurred by Defendant.

orders, the Court believes it prudent under the circumstances to provide Plaintiff with an additional opportunity to be deposed.   The deposition will occur under the parameters set forth below.

Accordingly, the Court **ORDERS** as follows:

1. Defendant's "Motion for Sanctions (Dismissal), or, in the Alternative, to Compel Plaintiff's Deposition and Toll Discovery and Dispositive Motion Deadlines" (Doc. 116) is **DENIED in part** as to dismissal and **GRANTED in part** as to compelling Plaintiff's deposition.

2. On or before January 4, 2023, Plaintiff must attend her own deposition at a date, time, and location to be determined by Defendant's counsel.  To alleviate any possible technology-related issues that may arise, the deposition shall occur in person unless Defendant's counsel receives the Court's permission to conduct the deposition in a different format.  The deposition shall occur at a location within the geographical confines of Panama City, Florida.

3. On or before December 23, 2022, Defendant's counsel shall provide a written notice of deposition to Plaintiff that complies with the Federal Rules of Civil Procedure.  A copy of that notice shall be filed with the Court no later than December 23, 2022.  Once the deposition is noticed, neither the date, the time, nor the location of the deposition can be changed unless the party requesting

7

such a change receives the Court's permission.   The Court will not grant permission for any change absent a showing of extraordinary circumstances.

4. Plaintiff will not be permitted to have any non-attorney representatives or non-party guests present in the room while she is being deposed.  If Plaintiff needs an interpreter, then she should communicate that need to Defendant's counsel via email at least 7 days prior to the deposition date.

5. Plaintiff shall attend and fully participate in the deposition.   That means Plaintiff shall be prepared to be deposed for up to 7 hours.   *See* Fed. R. Civ. P. 30(d)(1) (authorizing a deposition to last "one day of 7 hours").   Plaintiff shall not be belligerent, obstructionist, or engage in any other behavior designed to delay or impede the deposition.  The Court expects the same of Defendant's counsel.

6. Plaintiff shall truthfully answer the questions that are asked by Defendant's counsel during the deposition.  If Plaintiff believes a question is objectionable under the Federal Rules of Evidence or another provision of federal law, then Plaintiff shall make the objection for the record and then answer the question. *See* Fed. R. Civ. P. 30(c)(2).  Plaintiff shall not refuse to answer any questions during the deposition unless "necessary to preserve a privilege." *Id*.

7. Plaintiff's obligation to be deposed is not dependent on Defendant fulfilling any conditions or agreeing to any demands that may be made by Plaintiff.

8. If Plaintiff fails to attend her deposition or otherwise violates this Order, then the Court will promptly recommend dismissal of this case.  The Court will not tolerate any additional excuses, games, or evasive efforts by Plaintiff.

9. The dispositive motions deadline is currently tolled.  (Doc. 119).  Upon the completion of Plaintiff's deposition, Defendant's counsel shall file a motion requesting that the Court set a new dispositive motions deadline.

10. Plaintiff's "Motion for Sanctions for False Imprisonment and Judicial Misconduct" (Doc. 118) is **DENIED** for the reasons set forth above in footnotes two and three.

At Pensacola, Florida this 15th day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge