UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARITO MELVIN,
    Plaintiff,

vs.                                        Case No.: 5:20cv00051/MW/ZCB

WALMART INC.,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* employment discrimination case. Defendant has filed a motion to dismiss because Plaintiff failed to attend her scheduled deposition—for the third time. (Doc. 132). It is the second time she has done so in defiance of a Court order. For the reasons below, Defendant's motion to dismiss should be granted.[1]

---

[1] Plaintiff has not responded in opposition to Defendant's motion to dismiss within fourteen days as required by Local Rule 7.1(E). That failure alone could provide the Court with grounds for dismissal. *See* N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."). Nevertheless, because Plaintiff is proceeding *pro se* the Court will consider the motion on its merits.

1

## I.   Background

This case began in February of 2020 when Plaintiff filed a *pro se* complaint against Defendant. (Doc. 1). She has since amended her complaint seven times. (Doc. 47). The Court previously dismissed three counts from Plaintiff's seventh amended complaint. (Doc. 69). Throughout this case, Plaintiff has filed a slew of meritless motions and other documents. (*See, e.g.*, Docs. 18, 27, 31, 53, 60, 64, 66, 101, 111, 120, 122). Plaintiff's proclivity for filing meritless motions led the previously assigned U.S. Magistrate Judge to order that Plaintiff "stop filing frivolous motions." (Doc. 67 at 2).

Although Plaintiff has filed a lot of motions, she has refused to be deposed. Her first deposition was scheduled for June 21, 2022. (Doc. 106 at 2). It was then moved to June 30, 2022, because Plaintiff said she had a conflict on June 21, 2022. (*Id.* at 2). Plaintiff, however, failed to appear on June 30, 2022, as scheduled. (*Id.* at 2-3). That prompted Defendant to file a motion to compel Plaintiff's deposition. (*Id.*).

The Court granted Defendant's motion and ordered Plaintiff's deposition. (Doc. 108 at 5-6). In its order, the Court warned Plaintiff that her "failure to attend the deposition that is noticed by Defendant will result in the imposition of sanctions, including potential dismissal of this case." (*Id.* at 6). Defendant noticed Plaintiff's

deposition for August 17, 2022, at 2:00 p.m. (Doc. 116 at 3). The deposition was to occur via Zoom. (*Id.*). Less than two hours before the August 17, 2022, deposition was to begin, Plaintiff informed Defendant's counsel that she would not be participating because of internet issues. (*Id.* at 3-4). Defendant's counsel quickly pivoted and secured a "private, co-working space that offered reliable internet connection" within 10 miles of Plaintiff's town of residence. (*Id.* at 4). Defendant's counsel provided Plaintiff with the co-working space's address. (*Id.*). Although it was the time when she was supposed to be sitting for a deposition, Plaintiff responded that "she was already at work and would not travel to the co-working site." (*Id.*).

Defendant's counsel then "called the Walmart store where Plaintiff is employed and asked the manager on duty to prepare a private office for Plaintiff and furnish her with an iPad for Plaintiff to use for her Zoom deposition." (*Id.*). At 2:01 p.m., the Walmart manager confirmed Plaintiff was physically located in a private office with internet connectivity and the ability to login to Zoom for the deposition. (*Id.* at 5). Nonetheless, Plaintiff refused to login to Zoom. (*Id.*). Defendant's

3

counsel, an interpreter,[2] and the court reporter stayed on Zoom until 2:30 p.m. (*Id*.). Plaintiff never appeared. (*Id*.).

That led Defendant to file a motion to dismiss, which argued that the sanction of dismissal was warranted for Plaintiff's noncompliance with the Court's order requiring her to appear for the deposition. (Doc. 116). Alternatively, Defendant sought a second order compelling Plaintiff to attend her deposition. (*Id*.). Mindful of Plaintiff's *pro se* status and the finality of a dismissal, the Court declined to dismiss the case. (Doc. 123 at 6-7). Instead, the Court gave Plaintiff another chance to be deposed. (*Id*. at 1). The Court warned Plaintiff that if she "fails to attend her deposition or otherwise violates this Order, then the Court will promptly recommend dismissal of this case." (*Id*. at 9).

Defendant's counsel noticed Plaintiff's deposition for January 4, 2023, at 10:00 a.m. (Doc. 125). Plaintiff again failed to appear.[3] (Doc. 132 at 6-7). As a

---

[2] At Plaintiff's request, Defendant arranged for an interpreter to be present at the deposition. (Doc. 116 at 3).

[3] Plaintiff filed a "notice" informing the Court that (despite its prior order) she would not be attending the deposition "for personal reasons." (Doc. 127 at 2). Plaintiff did not request that the deposition be rescheduled due to those unspecified "personal reasons." Plaintiff's "notice" also stated that the Court was "indifferent to violations of plaintiff's personal safety" because she had previously been "under false arrest" when Defendant (attempting to facilitate her previously ordered deposition) "frogmarched" her to a private office where she was "imprisoned" for the purpose

4

result, Defendant has filed the current motion to dismiss. (*Id*.). Plaintiff has not responded to Defendant's motion to dismiss.

## II.   Discussion

Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure permits a court to sanction a party who fails to appear for a deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), (3). And Rule 37(b)(2)(A)(v) provides that one of the available sanctions is dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v). A dismissal under Rule 37 may be done with prejudice "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citation omitted). The Eleventh Circuit has affirmed dismissals for parties who failed to appear for their depositions after being ordered to do so. *See, e.g.*, *Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 675-76 (11th Cir. 2006) (finding that the district court "properly dismissed the complaint" because "[d]espite numerous attempts by the [defendant] to schedule a deposition, and the court's order compelling his attendance, [the plaintiff] did not appear"); *Kelly v. Old Dominion Freight Line, Inc.*, 376 F. App'x

---

of being deposed. (*Id*. at 1). For what it is worth, the deposition of Plaintiff scheduled for January 4, 2023, was to take place at the office of a neutral court reporter with Defendant's counsel appearing from another location by Zoom. (Docs. 130, 125). It is hard to see how such a setup could possibly have posed a "personal safety" concern for Plaintiff.

5

909, 915 (11th Cir. 2010) (same). A *pro se* litigant who "ignores a discovery order…is and should be subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In addition to the authority provided by Rule 37, a district court has the inherent "authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). That authority includes the ability to dismiss a case when a party has failed to comply with court orders. *See Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order."); *see also Jenkins v. Security Engineers, Inc.*, 798 F. App'x 362, 371-72 (11th Cir. 2019) (affirming dismissal of a *pro se* plaintiff's complaint because he repeatedly failed to follow the district court's orders). The Local Rules for the Northern District of Florida also state that dismissal may be ordered "[i]f a party fails to comply with an applicable rule or a court order." N.D. Fla. Loc. R. 41.1.

Here, Plaintiff failed to comply with two orders of the Court that required her to be deposed. (Docs. 108, 123). After she violated the first order, the Court gave Plaintiff a second chance to keep her lawsuit alive. (Doc. 123). All she had to do was show up to her deposition and answer the questions asked by Defendant's

counsel. The Court very clearly told Plaintiff that a recommendation of dismissal would result from her failure to appear for her deposition. (*Id*. at 9). In what can only be described as a bold act of defiance, Plaintiff again failed to attend her deposition. Although Plaintiff is a *pro se* litigant, she is not entitled to litigate this case on her own terms without regard for the Federal Rules of Civil Procedure and the orders of this Court. *See generally Reed*, 170 F. App'x at 676 (explaining that the plaintiff's "pro se status does not excuse his noncompliance; pro se litigants are obligated to obey discovery orders").

Plaintiff's failure to comply with the Court's orders has consumed scarce judicial resources, delayed this case, and forced Defendant to needlessly incur expenses. Plaintiff's conduct "amounts to flagrant disregard and willful disobedience of the court's discovery orders" as opposed to "[m]ere negligence or confusion." *Kelly*, 376 F. App'x at 913-14. Plaintiff knew she was supposed to be deposed, she had been warned of what would happen if she failed to be deposed, and yet she did not appear for her deposition. Given the circumstances of this case, the sanction of dismissal with prejudice is warranted. *See id*. at 914-15 (affirming dismissal with prejudice where the plaintiff "failed to appear for his deposition" after being ordered to do so and despite being warned that continued noncompliance would lead to dismissal); *see also Phipps*, 8 F.3d at 790-91 (affirming dismissal with

7

prejudice where the plaintiff refused to be deposed in defiance of multiple court orders).

In concluding that dismissal is appropriate here, the Court has determined that no lesser sanction would be sufficient. Clearly, Plaintiff does not feel compelled to comply with the Court's orders. It is "axiomatic" that the "law does not require useless gestures." *Wayne v. U.S.*, 318 F.2d 205, 210 (D.C. Cir. 1963). And it would indeed be a "useless gesture[]" for the Court to issue yet another order requiring Plaintiff to be deposed. All such an order would do is further delay this case and cause more resources to be wasted.[4] *See Reed*, 170 F. App'x at 676 (finding that dismissal was warranted when the "district court found that lesser sanctions would not suffice because [the plaintiff] had already ignored the court's order"); *see also Kelly*, 376 F. App'x at 915 (finding no error in the district court's conclusion that "no sanction less than dismissal would suffice, given that [the plaintiff] continued to violate the rules after being warned").

By choosing to bring a lawsuit in federal court, Plaintiff obligated herself to comply with the Federal Rules of Civil Procedure. One of those rules requires her

---

[4] It must be remembered that—as the docket shows—Plaintiff has engaged in conduct throughout this case that has caused delay and consumed considerable judicial resources. (*See, e.g.*, Doc. 67) (ordering Plaintiff to "stop filing frivolous motions").

8

to be deposed. Yet she has refused. Three times. Two of those refusals violated clear Court orders. And those orders warned Plaintiff that she faced dismissal if she failed to comply. Nonetheless, here we are. Were this Court to permit such behavior to go unsanctioned, it would be "enabl[ing] litigants to 'flout' the court's discovery orders and [to] needlessly delay the case." *Reed*, 170 F. App'x at 676. Dismissal with prejudice is, therefore, warranted as a sanction for Plaintiff's repeated failure to attend her deposition as required by this Court's orders and the Federal Rules of Civil Procedure.

### III.  Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion to Dismiss (Doc. 132) be **GRANTED** and this action be **DISMISSED** with prejudice.

2. All pending motions be denied as moot.

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 27th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**